1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
George L. Lin (SBN 287873)
156 South Spruce Ave., Unit 206A
South San Francisco, CA 94080
Tel:    (415)580-2574
Fax:    (415)735-3454
Email: silg@ilglegal.com
Email: glin@ilglegal.com

Attorneys for Plaintiff Anissa Brown

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Anissa Brown, on behalf of herself,

            Plaintiff,

    vs.

Sally Beauty Supply, LLC, a Virginia
Limited Liability Company, and DOES 1
through 100, inclusive,

            Defendants.

Case No.

1.  **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);
2.  **CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY** (*Turner v. Anheuser-Busch, Inc.*);
3.  **DISCRIMINATION AND HARASSMENT** (Gov't. Code §§ 12940 *et seq.*);
4.  **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code §§ 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);
5.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
6.  **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code §§ 17200 *et seq.*).

**JURY TRIAL DEMANDED**

**ILG Legal Office, P.C.**
Tel: (415) 580-2574 | Email: help@ilglegal.com

-1-

**ILG Legal Office, P.C.**

Tel: (415) 580-2574 | Email: help@ilglegal.com

This Complaint is brought by Plaintiff Anissa Brown ("Plaintiff" and/or "Ms. Brown") against her former employer, Defendant Sally Beauty Supply, LLC ("SBS"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

<u>**PLAINTIFF**</u>

1.      At all times material herein, Plaintiff Brown was and is a competent adult and resident of the State of California, County of Merced. Plaintiff began working for Defendants as a sales associate in March of 2019. While working for Defendants, Plaintiff's job duties included but were not limited to: recommending products to customers, informing customers of current promotions and events, setting up advertising displays and arranging merchandise, completing sales transactions, and stocking inventory.

<u>**DEFENDANTS**</u>

2.      At all times material herein, Defendant SBS was and is a Virginia limited liability company registered to do business in the State of California, including but not limited to conducting business within Merced County, with its corporate headquarters located in Denton, Texas. Defendant SBS is in the beauty supply industry. Specifically, it is an "open-line and exclusive-label beauty products retailer offering professional beauty products to both retail consumers and salon professionals."[1] SBS claims it has approximately 3,200 stores in North America, and annual sales of $2.3 billion with a gross profit margin of 55%. SBS's parent company is Sally Beauty Holdings, Inc. ("SBH"), an international specialty retailer and distributor of professional beauty supplies with annual revenues of over $3.9 billion and operating earnings of approximately $400 million. SBH operates primarily through two business units, Sally Beauty Supply and Beauty Systems Group (BSG), and is the largest distributor of professional beauty supplies in the U.S. based on store count.

3.      On information and belief, Defendant SBS is a retailer and distributor of beauty supplies. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant

---

[1] www.sallybeautyholdings.com/our-business (Accessed on February 24, 2021)

SBS is authorized to and does conduct business in the State of California in the beauty supply industry, including but not necessarily limited to 1114 Commerce Ave, Atwater, CA 95301.

4.     The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

5.     Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

6.     To the extent any allegation contradicts another allegation, they are to be construed as "alternative" theories.

**JURISDICTION AND VENUE**

7.     This Court has original jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S.C. sections 1332(a), and 1446(a) and (b) because this is a civil action between citizens of different states and the matter of controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue properly lies in this District, pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because this is the judicial district in which the action arose. In addition, this

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

**ILG Legal Office, P.C.**

Tel: (415) 580-2574 | Email: help@ilglegal.com

Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state wage and hour law claims, because those claims derive from a common nucleus of operative facts.

8.      Defendant SBS is a Virginia limited liability company. Plaintiff is a resident of California and performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the County of Merced. For diversity purposes, a limited liability company is considered a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Props. Anchorage, LP.* 437 F.3d 894, 899 (9th Cir. 2006)("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company") ("a limited liability company has the citizenship of its membership"); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1101 (C.D. Cal. 2002) ("a limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

9.      Here, upon information and belief, Defendant SBS was at the time of filing this action, and still is, a limited liability company organized under the laws of the State of Virginia. Its principal office was at the time of filing this action, and still is, in the State of Texas.

10.     Venue properly lies in the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. 1391(a) because this is the judicial district in which the action arose.

11.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc*. 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

12.     The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Ninth Circuit cases firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See, Galt G/S*, 142 F.3d at 1155-56. The Court may examine the nature of the action and the relief sought, and take judicial notice of awards in similar cases. See, e.g., Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1033-1035 (N.D. Cal. 2002).

13.     Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994). In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. These claims are essentially the same as those asserted by Plaintiff in the present action. The court in *Aucina* noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

14.     Counsel for Plaintiff specializes in labor and employment law matters, including actions alleging causes of action for discrimination, California Labor Code violations, and wrongful termination in violation of public policy. Based on this expertise and experience, the nature of Plaintiff's allegations, the relief sought by Plaintiff, and assuming Plaintiff prevails on each of her causes of action, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     For the reasons mentioned, Plaintiff's allegation satisfies the jurisdictional prerequisite for the amount in controversy, and this Court has jurisdiction over the Plaintiff's claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs.

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Defendants regularly and systematically do business in the State of California and are subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to investigate discrimination and retaliation against Defendants with the California Department of Fair Employment and Housing ("DFEH"). On February 24, 2021, Plaintiff received a notice of the right to sue from the DFEH pursuant to California Government Code section 12965(b). Plaintiff filed this action within one year of the date of her DFEH right-to-sue letter(s); therefore, administrative remedies have been properly exhausted.

17. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

18. The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTS REGARDING PLAINTIFF'S CAUSES OF ACTION

19. Plaintiff is a 23-year-old African American female. Plaintiff began her employment with Defendants as a sales associate in March of 2019. At all times during her employment with Defendants, Plaintiff was performing her job duties satisfactorily and received positive performance reviews. Plaintiff received rewards for never missing shifts, receiving positive reviews from customers, etc.

20. Early in Plaintiff's employment, store manager Khoi Hanniman, inquired about Plaintiff's ethnicity. Manager Khoi Hanniman asked Plaintiff to communicate in Spanish with a Spanish-speaking customer. Plaintiff explained that she does not speak Spanish and is not Hispanic. Plaintiff told Khoi Hanniman that she is of mixed ethnicity and is part African-American. Ms. Hanniman stated that she assumed Plaintiff was Hispanic.

-6-

*Brown v. Sally Beauty Supply, LLC*
Complaint

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

21.     Plaintiff was treated differently ever since her manager learned she was African-American.

22.     On multiple occasions, female African American customers informed Plaintiff that Ms. Hanniman would treat them differently based on their race. For example, an African American customer came into the store and Ms. Hanniman stood in front of the door, watching the customer shop. When the customer left, Ms. Hanniman came back into the store laughing and Plaintiff informed Ms. Hanniman that her behavior made Plaintiff uncomfortable because it appeared as if Ms. Hanniman was racially profiling the customer. Ms. Hanniman would also signal employees whenever an African American customer entered the store.

23.     Ms. Hanniman also admitted to following an African American customer around the store because she suspected the customer was stealing merchandise. Ms. Hanniman's excuse for targeting the customer was because she was "putting items in her basket too fast." The customer ended up being a professional hairdresser who spent hundreds of dollars on products.

24.     Furthermore, Ms. Hanniman harassed Plaintiff on multiple occasions. During one incident, when a customer had a question about a coupon and Ms. Hanniman had given the incorrect details of the coupon, Plaintiff explained the correct information to the customer. Ms. Hanniman then brought Plaintiff to the back of the store and proceeded to yell and berate Plaintiff for undermining her. Customers and employees heard this argument and a co-worker called human resources ("HR") to complain about Ms. Hanniman yelling and berating Plaintiff. Plaintiff also contacted HR about the incident and had a meeting with HR district manager Stephanie and Ms. Hanniman.

25.     After the HR meeting, Plaintiff's work hours were reduced, and Ms. Hanniman asked other employees to cover Plaintiff's shifts. At one point, Plaintiff was removed from the work schedule for ten consecutive days. Plaintiff contacted HR to complain about this retaliation and a second meeting took place. During this meeting, the HR manager directly asked Ms. Hanniman if she was racially profiling customers, and Ms. Hanniman admitted that she was. Plaintiff and Ms. Hanniman took notes during this meeting, which were then signed and sent to

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

the HR district manager. Furthermore, Plaintiff discovered that Ms. Hanniman was previously fired from SBS for similar behavior but was then re-hired.

26. After this second HR meeting, Plaintiff was consistently scheduled to work with a co-worker who would make offensive comments, such as saying that Plaintiff was "ghetto." Despite Plaintiff's protests, she was continually scheduled to work shifts with the disparaging co-worker, with them often being the only two employees scheduled to work a particular shift.

27. Plaintiff reported Ms. Hanniman's racial prejudice and the racial discrimination and harassment Plaintiff was enduring to then regional director Dan Roth. Plaintiff was told that Mr. Roth would receive and review the signed statements that were made during the HR meetings. However, once again, no remedial action was taken, and Ms. Hanniman remained the store manager.

28. Due to the reduction of Plaintiff's work hours, repeated instances of racial discrimination, and retaliation for speaking out against admitted racial prejudice, Plaintiff was forced to quit in May of 2020. Plaintiff visited the store months after she had left and personally observed that Ms. Hanniman was still employed by SBS. As of November 2020, Ms. Hanniman was still employed by SBS.

**FIRST CAUSE OF ACTION**
**UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY**
(Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

29. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

30. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

31. Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code sections 98.6, 230 [due to

service as a jury member, witness, or for relief from domestic violence], 232 [due to disclosure of amount of wages], 232.5 [due to disclosure of working conditions] and other sections of the Labor Code. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

32.     California Government Code section 12940(a) provides that it is an unlawful employment practice:

> For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

33.     California Labor Code sections 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint to Court, or because the employee has initiated any action, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code section 98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Lab. Code § 98.6(b)(1).

34.     "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

violation of this section, to be awarded to the employee or employees who suffered the violation." Lab. Code § 98.6(b)(3).

35. Defendants reduced Plaintiff's work hours and constructively terminated Plaintiff's employment, in violation of public policy. Defendants retaliated against Plaintiff because Plaintiff has a protected characteristic and/or engaged in protected activity.

36. Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's opposition to and reporting of the actual and/or perceived violations described herein.

37. Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

38. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud, and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

39. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

40. Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

### SECOND CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY
(*Turner v. Anheuser-Busch, Inc.*)
(*On behalf of Plaintiff as an individual against all Defendants*)

41. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

42.     Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980) and *Turner v. Anheuser-Busch, Inc*., 7 Cal. 4th 1238 (1994).

43.     "Constructive discharge occurs when the employer's conduct effectively forces an employee to resign. Although the employee may say, 'I quit,' the employment relationship is actually severed involuntarily by the employer's acts, against the employee's will. As a result, a constructive discharge is legally regarded as a firing rather than a resignation." *Turner, supra*, 7 Cal. 4th at pp. 1244–1245, internal citation omitted.

44.     To establish a constructive discharge claim, an employee must show "that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Turner, supra*, 7 Cal. 4th at p. 1251.

45.     "[T]he standard by which a constructive discharge is determined is an objective one—the question is 'whether a reasonable person faced with the allegedly intolerable employer actions or conditions of employment would have no reasonable alternative except to quit.'" *Turner, supra*, 7 Cal. 4th at p. 1248, internal citations omitted.

46.     Plaintiff is informed and believes and, based thereon, alleges that Defendants intentionally created, or knowingly permitted, working conditions that violated public policy, in that Plaintiff was subject to multiple instances of racial discrimination, harassment, and retaliation for reporting racial discrimination.

47.     These working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign. Plaintiff did, in fact, resign because these working conditions caused her substantial harm.

48.     Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

-11-

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

49.     The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

50.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

51.     Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## THIRD CAUSE OF ACTION
### DISCRIMINATION AND HARASSMENT
(California Gov't Code §§12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

52.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53.     At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code §§ 12940 *et seq.*) ("FEHA") and Plaintiff was an employee within the meaning of FEHA. Defendants regularly employed five or more persons or, in the alternative, Defendants are direct or indirect agents of an employer. *See* Cal. Govt. Code §§ 12926(d) (""Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities, except as follows: "Employer" does not include a religious association or corporation not organized for private profit."" *Id.* This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendants regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendants regularly employed five or more persons.

-12-

*Brown v. Sally Beauty Supply, LLC*
Complaint

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

54.     Under FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic. It is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. This public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Government Code section 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65(1990).

55.     With respect to harassment claims under subdivision (j) of Section 12940, the definition of an "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." Gov't Code § 12940(j)(4).

56.     With respect to discrimination, California Government Code section 12940(a) provides that it is an unlawful employment practice:

> For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

57.     With respect to harassment, California Government Code section 12940(j)(1) provides:

> For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

This is a claim for relief arising from Defendants' causing, and its failure to prevent, racial discrimination and harassment against Plaintiff.

58.     As alleged above, Plaintiff was entitled to protection under FEHA because Plaintiff is an employee who has a protected characteristic.

59.     As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code sections 12940 *et seq.*

60.     Defendants were aware that Plaintiff was an employee who has a protected characteristic.

61.     Pursuant to California Government Code section 12940(a), Defendants were prohibited from taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

62.     At all times mentioned herein, Plaintiff was qualified for the position she held and was performing competently in the position. Furthermore, Plaintiff was willing and able to perform the duties and essential functions of her position with or without a reasonable accommodation.

63.     Defendants' discriminatory and harassing actions against Plaintiff, as alleged above, including the reduction in her work hours and constructive discharge, constituted unlawful discrimination in employment on account of the fact that Plaintiff was an employee that has a protected characteristic, in violation of California Government Code section 12940.

64.     Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by the fact that Plaintiff has a protected characteristic.

-14-

**ILG Legal Office, P.C.**

Tel: (415) 580-2574 | Email: help@ilglegal.com

65.     Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

66.     As a direct and proximate result of the actions of Defendants, including the discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

67.     By discriminating against and harassing Plaintiff in violation of Government Code section 12940, Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

68.     Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

69.      Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

**FOURTH CAUSE OF ACTION**
**FAILURE TO PREVENT AND INVESTIGATE**
**DISCRIMINATION AND HARASSMENT**
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

70.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-15-

**ILG Legal Office, P.C.**

Tel: (415) 580-2574 | Email: help@ilglegal.com

71.     Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

72.     Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65 (1990).

73.     As alleged above, Plaintiff was entitled to protection under FEHA based on the fact that Plaintiff is an employee who has a protected characteristic.

74.     As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code section 12940 *et seq.*

75.     Defendants were aware that Plaintiff was an employee who has a protected characteristic.

76.     At all times mentioned herein, Defendants were employers within the meaning of FEHA and Plaintiff was an employee within the meaning of FEHA. Defendants regularly employed five or more persons or, in the alternative, Defendants are direct or indirect agents of an employer. *See* Cal. Govt. Code §§ 12926(d) (""Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities, except as follows: "Employer" does not include a religious association or corporation not organized for private profit."" *Id.* This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendants regularly and systematically do business in the State of California and are subject to suit under FEHA in that Defendants regularly employed five or more persons.

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

77.     Under FEHA, including California Government Code section 12940(k), and the common law of the State of California, Defendants owe to Plaintiff a duty to take all reasonable steps necessary to investigate or prevent harassment and discrimination.

78.     California Government Code section 12940(j)(1) provides that it is an unlawful employment practice:

> For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

79.     Plaintiff complained about the harassment and discrimination to HR on multiple occasions. Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

80.     Despite Defendants' knowledge of Plaintiff's complaints, Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.

81.     On information and belief, Defendants do not provide adequate anti-discrimination training to their workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff.

*Brown v. Sally Beauty Supply, LLC*
Complaint

82.   Because of Defendants' failure to prevent and investigate harassment and discrimination, Plaintiff suffered adverse employment actions, including the reduction of her work hours and constructive discharge.

83.   Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

84.   Plaintiff seeks attorneys' fees and costs pursuant to California Government Code section 12965(b).

85.   Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Civ. Code)
*(On behalf of Plaintiff as an individual against all Defendants)*

86.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

87.   The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.

Tel: (415) 580-2574 | Email: help@ilglegal.com

88.     As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

89.     Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

90.     Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

91.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

92.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to her reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

93.     Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

94.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants'

**ILG Legal Office, P.C.**

Tel: (415) 580-2574 | Email: help@ilglegal.com

managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

### SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff as an Individual against all Defendants*)

95.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

96.     Plaintiff brings this cause of action individually.

97.     Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff.

98.     In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

99.     Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code sections 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

100.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's expense.

101.    Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

102.    Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

*Brown v. Sally Beauty Supply, LLC*
Complaint

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

103.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

104.    Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's damages as herein alleged.

105.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

106.    Plaintiffs seeks restitution, declaratory and injunctive relief, and other relief allowable under Section 17200, *et seq.*

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief:

1.    For penalties, including civil penalties, pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

2.    For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

3.    For compensatory damages;

4.    For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

*Brown v. Sally Beauty Supply, LLC*
Complaint

5.      For special damages according to proof;

6.      For punitive damages where allowed by law;

7.      For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

8.      For injunctive relief;

9.      For pre-judgment and post-judgment interest as provided by law; and

10.     For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated: February 24, 2021                 **ILG Legal Office, P.C.**

_____
Stephen Noel Ilg, Esq.
Attorneys for Plaintiff